Citation Nr: 1438773 
Decision Date: 08/29/14 Archive Date: 09/03/14

DOCKET NO. 11-02 052 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Portland, Oregon


THE ISSUE

Entitlement to service connection for a disability manifested by chronic pain and fatigue as secondary to service-connected chronic lumbar strain with degenerative disc disease and bilateral lower extremity radiculopathy and/or major depressive disorder with pain disorder. 


REPRESENTATION

Veteran represented by: Oregon Department of Veterans' Affairs


ATTORNEY FOR THE BOARD

A. Barbier, Associate Counsel


INTRODUCTION

The Veteran served on active duty from February 1974 to January 1978. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a January 2010 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Portland, Oregon. The case was previously remanded by the Board in February 2014 for additional development and now returns for final appellate review. 

This appeal was processed using the Veteran Benefits Management System (VBMS) and Virtual VA paperless claims processing systems. 


FINDING OF FACT

The Veteran does not have a disability manifested by chronic pain and fatigue that is separate and distinct from his service-connected back and bilateral leg disabilities. 


CONCLUSION OF LAW

The criteria for service connection for a disability manifested by chronic pain and fatigue have not been met. 38 U.S.C.A. §§ 1110, 1131, 5107 (West 2002 & Supp. 2013); 38 C.F.R. §§ 3.102, 3.303, 3.310 (2013). 


REASONS AND BASES FOR FINDING AND CONCLUSION

I. VA's Duties to Notify and Assist

The Veterans Claims Assistance Act of 2000 (VCAA) and implementing regulations impose obligations on VA to provide claimants with notice and assistance. 38 U.S.C.A. §§ 5102, 5103, 5103A, 5107 (West 2002 & Supp. 2013); 38 C.F.R §§ 3.102, 3.156(a), 3.159, 3.326(a) (2013). Proper VCAA notice must inform the claimant of any information and evidence not of record (1) that is necessary to substantiate the claim; (2) that VA will seek to provide; and (3) that the claimant is expected to provide. 38 U.S.C.A. § 5103(a); 38 C.F.R. § 3.159(b)(1). 

In addition, the notice requirements of the VCAA apply to all elements of a service-connection claim, including: (1) Veteran status; (2) existence of a disability; (3) a connection between the Veteran's service and the disability; (4) degree of disability; and (5) effective date of the disability. See Dingess/Hartman v. Nicholson, 19 Vet. App. 473 (2006). Further, this notice must include information that a disability rating and an effective date for the award of benefits will be assigned if service connection is awarded. Id. 

In Pelegrini v. Principi, 18 Vet. App. 112 (2004), the United States Court of Appeals for Veterans Claims (Court) held that a VCAA notice, as required by 38 U.S.C.A. § 5103(a), must be provided to a claimant before the initial unfavorable AOJ decision on the claim for VA benefits. 

In the instant case, the Board finds that VA has satisfied its duty to notify under the VCAA. Specifically, a November 2009 letter, sent prior to the initial unfavorable decision issued in January 2010, advised the Veteran of the evidence and information necessary to substantiate his service connection claim, to include on a secondary basis, as well as his and VA's respective responsibilities in obtaining such evidence and information. Additionally, such letter advised him of the information and evidence necessary to establish a disability rating and an effective date in accordance with Dingess/Hartman, supra. 

VA has also satisfied its duty to assist the Veteran in the development of his claim. This duty includes assisting the claimant in the procurement of service and other relevant records and providing an examination when necessary. 38 U.S.C.A. § 5103A; 38 C.F.R. § 3.159. In the instant case, the Board finds that all necessary development has been accomplished, and therefore appellate review may proceed without prejudice to the Veteran. See Bernard v. Brown, 4 Vet. App. 384 (1993). In this regard, the Veteran's service treatment records as well as post-service VA treatment records have been obtained and considered. Moreover, the Veteran has not identified any additional, outstanding records that have not been requested or obtained. 

The Veteran was also afforded a VA examination in May 2014 with respect to the issue decided herein. The Board finds that such VA examination and accompanying opinion is adequate to decide the issue as they are predicated on an interview with the Veteran, a review of the record, and a physical examination. The opinion proffered considered all of the pertinent evidence of record, to include the statements of the Veteran, and provided a complete rationale, relying on and citing to the records reviewed. Moreover, the examiner offered clear conclusions with supporting data as well as reasoned medical explanations connecting the two. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295 (2008); Stefl v. Nicholson, 21 Vet. App. 120, 124 (2007) ("[A]medical opinion ... must support its conclusion with an analysis that the Board can consider and weigh against contrary opinions"). Accordingly, the Board finds that VA's duty to assist with respect to obtaining a VA examination and opinion regarding the issue decided herein has been met. 

As noted in the Introduction, the Board remanded the case in February 2014 so as to obtain updated VA treatment records and a VA examination to determine whether the Veteran's chronic pain and fatigue was due to an underlying condition related to his military service or service-connected disabilities, followed by a readjudication of the claim in a supplemental statement of the case. Subsequently, VA treatment records from the Roseburg and Portland, Oregon VA facilities dated through March 2014 were obtained, and the Veteran was afforded a VA examination in May 2014 that, as discussed previously, is adequate to decide the case. Finally, a July 2014 supplemental statement of the case readjudicated the Veteran's claim. Therefore, the Board finds that the AOJ has substantially complied with the February 2014 remand directives, such that no further action is necessary in this regard. See D'Aries v. Peake, 22 Vet. App. 97, 105 (2008); Dyment v. West, 13 Vet. App. 141, 146-47 (1999) (remand not required under Stegall v. West, 11 Vet. App. 268 (1998), where the Board's remand instructions were substantially complied with), aff'd, Dyment v. Principi, 287 F.3d 1377 (2002). 

Thus, the Board finds that VA has fully satisfied the duty to assist. In the circumstances of this case, additional efforts to assist or notify the Veteran in accordance with the VCAA would serve no useful purpose. See Soyini v. Derwinski, 1 Vet. App. 540, 546 (1991) (strict adherence to requirements of the law does not dictate an unquestioning, blind adherence in the face of overwhelming evidence in support of the result in a particular case; such adherence would result in unnecessarily imposing additional burdens on VA with no benefit flowing to the appellant); Sabonis v. Brown, 6 Vet. App. 426, 430 (1994) (remands which would only result in unnecessarily imposing additional burdens on VA with no benefit flowing to the appellant are to be avoided). VA has satisfied its duty to inform and assist the Veteran at every stage in this case, at least insofar as any errors committed were not harmful to the essential fairness of the proceeding. Therefore, he will not be prejudiced as a result of the Board proceeding to the merits of his claim. 

II. Analysis

The Veteran contends that he currently suffers from chronic pain in his lower back and bilateral legs as well as fatigue. He claims that this pain and fatigue is a result of his service-connected back condition and bilateral lower extremity radiculopathy, or his service-connected depressive disorder with pain disorder.

In relevant part service connection is currently in effect for chronic lumbar strain with degenerative disk disease currently rated as 40 percent disabling, and bilateral lower extremity radiculopathy currently rated as 10 percent disabling per lower extremity. In addition, service connection is in effect for major depressive disorder with pain disorder, rated as 70 percent disabling.

Service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by service. 38 U.S.C.A. §§ 1110, 1131; 38 C.F.R. 
§ 3.303(a). Service connection may also be granted for any disease diagnosed after discharge, when all of the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d). 

Direct service connection may not be granted without evidence of a current disability; in-service incurrence or aggravation of a disease or injury; and a nexus between the claimed in-service disease or injury and the present disease or injury. 38 U.S.C.A. § 1112; 38 C.F.R. § 3.304. See also Caluza v. Brown, 7 Vet. App. 498, 506 (1995) aff'd, 78 F.3d 604 (Fed. Cir. 1996) [(table)]. 

Service connection may also be established on a secondary basis for a disability which is proximately due to or the result of service-connected disease or injury. 38 C.F.R. § 3.310(a) . Establishing service connection on a secondary basis requires evidence sufficient to show (1) that a current disability exists and (2) that the current disability was either (a) proximately caused by or (b) proximately aggravated by a service-connected disability. Allen v. Brown , 7 Vet. App. 439, 448 (1995) (en banc).

When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the Veteran. 38 U.S.C.A. § 5107; 38 C.F.R. § 3.102; see also Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990). 

Turning first to whether the Veteran has a current disability manifested by chronic pain and fatigue, a January 2005 VA treatment record notes the Veteran's complaint that pain is always with him. In April 2007, the Veteran reported interrupted sleep and feeling tired during the daytime. An April 2010 VA treatment record included an assessment of chronic pain syndrome, for which the Veteran was to take Ibuprofen as needed. 

The May 2014 VA examination noted the Veteran's degenerative disk disease of the low back with constant daily pain. At such time, the Veteran reported pain and a hot feeling that radiated down both legs into his feet. He also noted that he sometimes had a lack of feeling or a "needles and pins" tingling sensation in the bilateral feet. The examiner observed that the Veteran reported filing a claim for service connection for chronic pain and fatigue because he wanted it to be clear that he has chronic pain in his back and both legs. 

Following a review of the record, an interview with the Veteran, and a physical examination, the examiner concluded that the Veteran did not have a diagnosis of fibromyalgia or chronic fatigue syndrome, and gave no symptoms of such conditions. In this regard, the examiner noted that often back and leg pain interferes with sleep, which caused the Veteran to feel more fatigued, and, if he got a good night's sleep, he felt energetic. The examiner opined that there was no separate disability related to the Veteran's chronic pain and fatigue. She reported that the Veteran's chronic daily pain condition is the same as his service-connected back disability with related bilateral leg pain. She further opined that the Veteran's fatigue was most likely due to poor sleep from his back and leg pain. 

Based on the foregoing, the Board finds that the Veteran does not have a disability manifested by chronic pain and fatigue that is separate and distinct from his service-connected back and bilateral leg disabilities. 

In reaching such conclusion, the Board finds the May 2014 VA examiner's opinions to be more probative than the April 2010 VA treatment record indicating an assessment of chronic fatigue syndrome. In this regard, the VA examiner provided detailed rationale for the conclusion reached, following a thorough examination of the Veteran's medical history, as reported in the record, and an interview with the Veteran. See Nieves-Rodriguez, supra; Stefl, supra. There is no indication that the April 2010 VA treatment provider thoroughly reviewed the Veteran's medical history, and no rationale was provided for the assessment offered. Thus, the Board affords greater probative weight to the May 2014 VA examiner's opinion.

The Board acknowledges the Veteran's competent and credible reports of pain and fatigue. He is competent to provide such reports because these things require only personal knowledge, as they come to him through his senses. See Layno v. Brown, 6 Vet. App. 465 470 (1994). He is also credible in reporting these symptoms, and the Board finds no reason to doubt the Veteran. See Caluza v. Brown, 7 Vet. App. 498, 510-11 (1995) (holding that a showing of interest, bias, and inconsistent statements generally are the factors used to evaluate credibility). However, the Veteran, as a lay person, is not competent to link his symptoms to a diagnosed disability as he has not demonstrated that he is an expert in discussing the etiology of symptoms such as pain and fatigue. While it is in error to categorically reject layperson nexus evidence as incompetent, the Board is allowed to consider the facts of a particular case to determine the layperson's competence. See Davidson v. Nicholson, 581 F.3d 1313 (Fed. Cir. 2009). One factor to consider is the complexity of the question to be determined. Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007) (providing an example at footnote 4 that a layperson would be competent to diagnose a simple condition such as a broken leg but not to diagnose a form of cancer). In this regard, the Veteran's statements regarding the etiology of his symptoms are not within the realm of knowledge of a layperson. Rather, such is a complex question that requires expertise. There is no indication that the Veteran possesses such specialized knowledge, and, therefore, he is not competent in this regard. See Woehlaert v. Nicholson, 21 Vet. App. 456 (2007) (although the claimant is competent in certain situations to provide a diagnosis of a simple condition such as a broken leg or varicose veins, the claimant is not competent to provide evidence as to more complex medical questions).

The presence of a disability at the time of filing of a claim or during its pendency warrants a finding that the current disability requirement has been met, even if the disability resolves prior to the Board's adjudication of the claim. McClain v. Nicholson, 21 Vet. App. 319 (2007). However, in Romanowsky v. Shinseki, 26 Vet.App. 289 (2013), the Court held that when the record contains a recent diagnosis of disability prior to a Veteran filing a claim for benefits based on that disability, the report of diagnosis is relevant evidence that the Board must address in determining whether a current disability existed at the time the claim was filed or during its pendency. 

Therefore, the Board finds that, at no point prior to, or during, the pendency of the claim, does the Veteran have a disability manifested by chronic pain and fatigue that is separate and distinct from his service-connected back and bilateral leg disabilities. To the extent that the Veteran may complain of additional chronic pain and fatigue, these complaints of symptoms alone, without a diagnosed or identifiable underlying malady or condition, does not constitute a disability for which service connection may be granted. Sanchez-Benitez v. West, 13 Vet. App. 282 (1999) (a symptom, without a diagnosed or identifiable underlying malady or condition, does not, in and of itself, constitute a "disability" for which service connection may be granted; "pain alone, without a diagnosed or identifiable underlying malady or condition, does not in and of itself constitute a disability for which service connection may be granted"); Brammer v. Derwinski, 3 Vet. App. 223 (1992) (in the absence of proof of the claimed disability, there can be no valid claim). Furthermore, as such complaints are components of his service-connected back and bilateral leg disabilities, he is already in receipt of compensation for such symptoms.

Therefore, the Board finds that service connection is not warranted for a disability manifested by chronic pain and fatigue. In reaching this decision, the Board has considered the applicability of the benefit of the doubt doctrine. However, the preponderance of the evidence is against the Veteran's claim of entitlement to service connection. As such, that doctrine is not applicable in the instant appeal, and his claim must be denied. 38 U.S.C.A. § 5107; 38 C.F.R. § 3.102; Gilbert, supra.


ORDER

Service connection for a disability manifested by chronic pain and fatigue is denied. 



____________________________________________
A. JAEGER
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs